**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | )<br>)<br>) **CIVIL ACTION NO.** |
| Plaintiff, | )<br>) |
| v. | )<br>) **COMPLAINT** |
| **BLUE RIDGE RESOURCES, L.L.C.,** | )<br>) **7:10-cv-117** |
| Defendant. | )<br>) **JURY TRIAL DEMAND**<br>) |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin and to provide relief to Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals. The Commission alleges that Defendant Blue Ridge Resources, L.L.C. (hereafter "Defendant"), violated Title VII by subjecting Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals to a hostile work environment based on their national origin, Mexican.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Western District of Texas, Midland/Odessa Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission of (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now doing business in the State of Texas and the City of Midland, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENTS OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Pablo Soto filed a charge with the Commission alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant has engaged in unlawful employment practices at its Midland, Texas, facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals to a hostile work environment based on their national origin, Mexican. Specifically, since at least March 2008, Defendant has violated Title VII by subjecting Pablo Soto, Bobby Alaniz, Antonio Varela, and

similarly-situated individuals to a hostile work environment based on their Mexican national origin. The EEOC alleges that Crew Supervisor George Gutierrez began subjecting Soto, Alaniz, and Varela to unwanted ethnic slurs shortly after they started working for Defendant. The EEOC contends that the unwanted ethnic slurs occurred throughout their employment with Defendant and included, but were not limited to, incidents where Gutierrez called them "wetback", "stupid baboso[1] Mexican", "wetback stupid baboso Mexican," told Soto that all Mexicans who came to the U.S. should be hung, told them to "go back to Mexico," and called them "stupid Mexicans." Soto, Alaniz, and Varela repeatedly told Gutierrez to stop his unwanted conduct, but he ignored their multiple requests. During their employment with Defendant, the company had no written anti-harassment policy and did not train its employees on the law against harassment.

      8.      The result of the foregoing practices has been to deprive Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals of equal employment opportunities because of their national origin, Mexican.

      9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

      10.      The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, its officers, members of its Board of Directors, successors, assigns, and all persons in active concert or participation

---

[1] "Baboso" in Spanish means "idiot," "stupid" or "dummy."

with them, from engaging in any employment practice which discriminates on the basis of national origin, or which facilitates, condones or encourages employees to create an ethnically hostile environment.

      B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals, and eradicate the effects of its past and present unlawful unemployment practices.

      C.     Order the Defendant to make whole Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.
.

      D.     Order the Defendant to pay Pablo Soto, Bobby Alaniz, Antonio Varela, and similarly-situated individuals punitive damages for its malicious conduct or reckless indifference described in paragraphs 7 and 10 above, in amounts to be determined at trial.

      E.     Grant such further relief as the Court deems necessary and proper in the public interest.

      F.     Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        /s/ Robert A. Canino
        ROBERT A. CANINO
        Regional Attorney
        Oklahoma State Bar No. 011782

        /s/ Toby W. Costas
        TOBY W. COSTAS
        Supervisory Trial Attorney
        Texas State Bar No. 04855720

        /s/ Devika Seth
        DEVIKA SETH
        Senior Trial Attorney
        District of Columbia Bar No.  975161

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office
        207 South Houston Street, 3rd Floor
        Dallas, Texas  75202
        (214) 253-2764 (telephone)
        (214) 253-2749 (facsimile)