IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT § | | |
| OPPORTUNITY COMMISSION § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 7:10-cv-00117-RAJ | |
| § | | |
| BLUE RIDGE RESOURCES, L.L.C. § | | |
| Defendant. § | | |

## PABLO SOTO'S AMENDED COMPLAINT IN INTERVENTION

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff-Intervenor, Pablo Soto, files this Complaint in Intervention as an original Plaintiff who alleges a separate but related claim against Defendant Blue Ridge Resources, L.L.C., pursuant to Federal Rule of Civil Procedure 24(a)(2).

### JURISDICTION AND VENUE

1. This court has federal question jurisdiction because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Western District of Texas, Midland/Odessa Division because the unlawful employment practices alleged below were committed therein.

### PARTIES

3. Plaintiff is the Equal Employment Opportunity Commission ("EEOC"); Defendant is an oil company, Blue Ridge Resources, L.L.C. ("Defendant"); Plaintiff-Intervenor is Pablo Soto, a former employee of Defendant, who is also an original party to this suit.

ORIGINAL LAWSUIT

4. EEOC filed suit against Defendant on September 29, 2010. EEOC alleges that Defendant discriminated against, harassed, and subjected Pablo Soto, Bobby Alaniz, Antonio Varela, and other similarly-situated individuals, to a hostile work environment on the basis of their national origin – namely they are Mexican – in violation of Title VII of the Civil Rights Act of 1964, as amended.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff-Intervenor timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff timely filed this suit within 90 days of receiving a Notice of Right to Sue. A copy of the Right to Sue Notice is attached as Exhibit "A."

FACTS

6. Plaintiff-Intervenor began working for Defendant on or about April 23, 2008, as a floorhand-driver. Plaintiff-Intervenor worked on a crew of five employees: Pablo Soto, Antonio Varela, Juan Sanchez, George Gutierrez, and Joe Gutierrez. George Gutierrez and Joe Gutierrez are brothers. George Gutierrez was the rig-crew supervisor. On several occasions, George Gutierrez subjected Plaintiff to unwanted ethnic slurs. He called Plaintiff a "wetback," "wetback stupid baboso[1] Mexican," and "stupid Mexican," and said that all Mexicans who come into the United States should be "hung." Gutierrez repeatedly told the employees to "go back to Mexico."

7. As part of his intentional harassment and discrimination, Supervisor George Gutierrez refused to provide drinking water to his rig crew, saying that wetbacks come down from the mountains and would not drink water.

---

[1] "Baboso" in Spanish means "idiot," "stupid," or "dummy."

8. Plaintiff-Intervenor tried to contact Mark Burkett, Defendant's President, to complain about the harassment from George Gutierrez. Plaintiff-Intervenor went to the office and asked for the name of the president and asked to see him. Plaintiff-Intervenor was informed that Mark Burkett is the President of the company, but that he was not available. Later, Burkett's secretary called Plaintiff-Intervenor and informed him that Burkett did not want to see him. Therefore, Plaintiff-Intervenor had no internal recourse to address the malicious discrimination by his supervisor, George Gutierrez.

9. On or about August 7, 2008, Plaintiff-Intervenor was fired by his supervisor, George Gutierrez, a management official for whose actions Defendant is liable. Defendant's actions were intentional and based on Plaintiff-Intevenor's national origin.

## COUNT ONE – TITLE VII -- TERMINATION

10. Plaintiff-Intervenor is an employee within the meaning of Title VII. See 42 U.S.C. §2000e(f).

11. Defendant is an employer within the meaning of Title VII. See 42 U.S.C. § 2000e(b).

12. Defendant intentionally discriminated against Plaintiff-Intervenor by terminating his employment because of his national origin in violation of Title VII.

13. Plaintiff-Intervenor suffered an adverse employment action when he was terminated.

14. The reasons given for Plaintiff-Intervenor's termination are a pretext for discrimination.

15. Alternatively, the reasons given for Plaintiff-Intervenor's termination, even if true, are only some of the reasons for the termination, and Plaintiff-Intervenor's national origin was a motivating factor in the decision to terminate his employment.

16. Plaintiff-Intervenor is not required to elect to pursue a pretext or mixed-motive theory until submission of the case to the jury.

17. As a direct and proximate result of Defendant's conduct, Plaintiff-Intervenor suffered damages caused by the termination of his employment by Defendant.

18. Defendant's actions were taken with malice and/or reckless indifference to Plaintiff-Intervenor's federally-protected rights.

## COUNT TWO – TITLE VII

19. Plaintiff-Intervenor is an employee within the meaning of Title VII and belongs to a class protected under statute. See 42 U.S.C. §2000e(f).

20. Defendant is an employer within the meaning of Title VII. See 42 U.S.C. § 2000e(b).

21. Defendant intentionally discriminated against Plaintiff-Intervenor because of his national origin, in violation of Title VII by subjecting him to a hostile work environment. George Gutierrez repeatedly made comments about Plaintiff-Intervenor's national origin. These comments unreasonably interfered with Plaintiff-Intervenor's work performance.

22. As a direct and proximate result of Defendant's conduct, Plaintiff-Intervenor suffered damages caused by the hostile work environment created by Defendant.

23. Defendant's actions were taken with malice and/or reckless indifference to Plaintiff-Intervenor's federally-protected rights.

## ATTORNEY'S FEES

24. Plaintiff-Intervenor was forced to engage counsel to protect his rights and is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## DAMAGES

25. After Plaintiff-Intervenor's unlawful termination by Defendant, he diligently sought other employment, but he has been unable to obtain comparable employment. Plaintiff-Intervenor seeks for all back pay and lost wages and benefits. Reinstatement to Plaintiff-Intervenor's previous position is impractical and unworkable. Therefore, Plaintiff-Intervenor seeks an award of front pay and future lost wages and benefits. Plaintiff-Intervenor suffered mental anguish and emotional distress.

26. Defendant's conduct was taken with malice and/or reckless indifference such that it justifies an award of punitive damages.

## JURY DEMAND

27. Plaintiff-Intervenor respectfully demands trial by jury.

## PRAYER

WHEREFORE, Plaintiff-Intervenor respectfully prays for judgment against Defendant for the following:

   a. Compensatory and punitive damages;

   b. Back pay and front pay;

   c. Attorney's fees and costs;

   d. Prejudgment and post-judgment interest;

  e. Such other and further relief, at law or in equity, to which Plaintiff-Intervenor may show himself justly and lawfully entitled.

          Respectfully submitted,

          /s/ Holly B. Williams
By:_____
    Holly B. Williams
    Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W. Texas Avenue
Midland, TX 79701
432-682-7800; 432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF-INTERVENOR PABLO SOTO**

## CERTIFICATE OF SERVICE

  I hereby certify that I have complied with the provisions of Fed. R. Civ. P. 5 on this 9th day of May, 2011, served by first class mail, addressed as follows to:

Robert A. Canino
Toby W. Costas
Devika Seth
Equal Employment Opportunity Commission
Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, Texas 75202
**ATTORNEYS FOR PLAINTIFF EEOC**

Randy Lee
3300 N. "A" Street, Bldg. 2-104
Midland, Texas 79705
**ATTORNEY FOR DEFENDANT
BLUE RIDGE RESOURCES, L.L.C.**

         /s/ Holly B. Williams
         _____
         Holly B. Williams